# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| VIOLET DAVIDSON,<br><br>      **Plaintiff,**<br><br>v.<br><br>WAL-MART STORES EAST, LP,<br><br>      **Defendant.** | 1:17-cv-1269-WSD |

## OPINION AND ORDER

This matter is before the Court on Defendant Wal-Mart Stores East, LP's ("Defendant") Motion for Protective Order [13].

## I.    BACKGROUND

On February 15, 2017, Plaintiff Violet Davidson ("Plaintiff") filed her Complaint for Damages ([1.2] at 12-15) in the Superior Court of Gwinnett County, Georgia. Plaintiff claims that, as a result of Defendant's negligence, she slipped and fell in Defendant's store. Plaintiff seeks damages for her injuries and medical expenses. On April 7, 2017, Defendant removed this action from state court. ([1]).

On June 2, 2017, Defendant filed its Motion for Protective Order "for the purpose of protecting [its] commercial trade secrets and other confidential business information." ([13.1] at 1). Defendant's proposed protective order, attached to its

motion, seeks to limit the parties' disclosure, to non-employees, of documents marked confidential "by the producing party." ([13.1]). The proposed order allows the parties to disclose confidential documents to non-employees only if the non-employees certify they will comply with the protective order. Defendant's proposed order also requires the parties to keep a list of non-employees to whom confidential documents are disclosed, and to use confidential documents only in the course of this litigation. The proposed order states that confidential documents, "if submitted to the Court in support of a pleading, or introduced at a hearing, trial or other proceeding, . . . may continue as protected material only by Order of the Court." ([13.1]). Plaintiff opposes entry of the proposed protective order on the grounds that it is unnecessary and onerous.

## II. DISCUSSION

"The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . [by] requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." Fed. R. Civ. P. 26(c)(1)(G). This rule "confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." Seattle Times Co. v. Rhinehart, 467 U.S. 20, 36 (1984).

The Court, in a similar case last year, entered exactly the same protective order that Defendant seeks in this case. See Brown et al. v. Wal-Mart Stores East, LP et al., No. 1:16-cv-111 (N.D. Ga. July 20, 2016), Doc. No. 39.[1] The protective order proposed by Defendant allows disclosure of confidential documents to "any person not employed by a party or its counsel" only if (1) the non-employee certifies that he or she will comply with the protective order and (2) the disclosing party keeps track of the non-employees to whom confidential documents are disclosed. ([13.1] at 2). The proposed order also prohibits the parties from using confidential materials outside of this litigation. These limitations are reasonable, apply to both parties, are not unduly onerous, do not preclude or obstruct either party from obtaining any requested discovery, and are contemplated by Rule 26(c) of the Federal Rules of Civil Procedure.[2] The limitations also are consistent with "the public interest in accessing court documents" because, under the proposed order, any confidential documents submitted to the Court "may continue as

---

[1] That case, like the case here, was a slip-and-fall action against Defendant Wal-Mart Stores East, LP.

[2] There is no evidence that either party intends to disclose confidential materials to a significant number of non-employees, or that either party intends to mark a significant number of materials as "confidential." Defendant has identified only two groups of documents that it considers confidential, and Plaintiff does not dispute that the documents are confidential and warrant protection. (See [18] at 4; [19] at 3).

protected material only by Order of the Court." Romero v. Drummond Co., 480 F.3d 1234, 1245 (11th Cir. 2007); ([13.1]). The Court finds that Defendant's proposed protective order should be entered, and Defendant's Motion for Protective Order is granted.[3]

**III. CONCLUSION**

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant's Motion for Protective Order [13] is **GRANTED**.[4]

**IT IS FURTHER ORDERED** that Defendant's Motion Requesting Permission to File Sur-Sur-Reply Brief [20] is **GRANTED**.

**SO ORDERED** this 18th day of August, 2017.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

---

[3] On June 27, 2017, Defendant filed its Motion Requesting Permission to File Sur-Sur-Reply Brief [20], seeking leave to respond to Plaintiff's sur-reply. Plaintiff does not oppose this motion, and it is granted. See LR 7.1(B), NDGa.

[4] The Court will enter Defendant's proposed protective order by separate Order.

4